UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
PUERTO RICO

| | |
|---|---|
| Ruth Toledo Canino; Nelson De Leon Camacho on their behalf and on behalf of the Conjugal Partnership between them<br><br>Plaintiffs,<br><br>v.<br><br>Unites States of America; John Doe and Richard Roe; Insurance Companies A, B and C<br><br>Defendants | CIVIL NO.<br><br>Re: FEDERAL TORT CLAIM<br><br>PLAINTIFF DEMANDS **TRIAL BY JURY**. |

## COMPLAINT

**COMES NOW** Plaintiffs, Ruth Toledo Canino, et. al, by and through the undersigned counsel, and respectfully state, allege and pray as follows:

### I. INTRODUCTION

1. This is a claim for damages based upon facts of Negligence Per Se and negligence and/or acts and omissions that constitute a breach of duty that resulted in physical injuries and moral damages suffered by Plaintiffs in an unsafe, uneven and hazardous premise with a dangerous condition.

### II. JURISDICTION

2. Jurisdiction of this Court is invoked under the provisions of Federal Tort Claim Act, 28 U.S.C. § 1291, et. seq, §2671, 28 US §2674 et seq., in that the case involves claims which arise under federal statutes, to wit, due to wrongful acts of United States of America through its employees and agencies by allowing dangerous conditions in the premises they lease and/or operate, in this case through the United State Postal Office located in the 361 Calle Calaf, San Juan, Puerto

1

Rico, where plaintiff suffered a trip and fall on an uneven ramps surface with defects.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The claims asserted in this Complaint are based on a conduct occurring and performed inside the premises of United States Postal Office located in Calaf Street in San Juan, Puerto Rico, being also where Plaintiff suffered the damages claimed.

4. Plaintiffs have exhausted all administrative claims and jurisdictional prerequisites to the filing of this Complaint per the FTCA, 28 USC § 2675(a). The corresponding administrative claims were received by United States Postal Office by April 28, 2023, and denied by the agency was sent through a letter dated December 4, 2023. Thus, the suit commenced before the expiration of the six (6) months after the denial of the administrative claim.

### III. PARTIES

5. Plaintiff, Mr. Ruth Toledo Canino (hereinafter "Mrs. Toledo"), is of legal age, married, employee, and a resident of Guaynabo, Puerto Rico.

6. Co-Plaintiff, Mr. Nelson De Leon Camacho (hereinafter "Mr. De Leon"), is of legal age, married, employee, and a resident of Guaynabo, Puerto Rico.

7. Co-Defendant, United States of America is the proper defendant, representing the Unites States Postal Office, represented through United States Department of Justice, US Attorney's Office District of Puerto Rico, which by information and belief operate and/or administrate the United States Postal office located at: 361 Calaf Street, San Juan, P.R. 00909.

8. Insurance Companies A, B and C are unknown insurance companies. Once their real names are known, Plaintiff would move accordingly with an amended complaint.

9. John Doe and Richard Roe are unknown codefendants that at the time of the instant complaint may have act wrongfully and have caused damages to Plaintiffs. Plaintiffs would move accordingly with an amended complaint once their real names become known.

### IV. GENERAL AND COMMON ALLEGATIONS TO ALL COUNTS AND CAUSES OF ACTIONS

10. Plaintiffs incorporate each allegation set forth above in the precedents paragraphs as if fully set forth herein in their entirety.

11. On October 11, 2022, Mrs. Toledo visited the United States Postal office located at 361 Calaf Street.

12. Shortly thereafter, Mrs. Toledo proceeded to walk through a ramp that provides access from the building to the United States Postal Office parking lot. As Ms. Toledo walked through the ramp with a walking assisted appurtenance, she tripped on an uneven surface with defects and protrusions and fell.

13. Ms. Toledo's fall was caused by the poor condition and/or lack of maintenance of the uneven surface of the ramp area, that at the time of the incident, had no warnings or signs of the dangerous condition on the mail station premises. Mrs. Toledo's fall occurred in a surface of the sidewalk-ramp that is part of the pedestrian network of the United States Postal office that was not stable, neither firm and did not provide an even and level surface.

14. The area of occurrence of Mrs. Toledo's incident lacks proper and/or adequate maintenance, and the walking surface is poorly graded/finished and shows signs of poor supervision and/or inspection by the Unites States of America's personnel working in the United States postal center.

15. Surface of sidewalks and all parts of the pedestrian network must be safe, stable, firm and slip-resistant..

16. Sidewalks or pedestrian paths shall be accessible to the maximum extent feasible to all people according to the Americans with Disabilities Act (ADA).

17. The sidewalk and/or access ramp that led to the parking lot and the United States Postal Office lacks building code-compliance, which is considered a hazardous condition, and which was the direct cause of the accident suffered by Plaintiff, contributed and exacerbated by the lack of supervision over the premises by United States Office's personnel.

18. The unsafe ramp-sidewalk that caused Mrs. Toledo's trip and fall at Unites States Postal Office facility constitutes a dangerous condition to invitees, that visits the building, and to handicapped persons because it does not meet the required building codes for ramps and/or access for commercial facilities, nor does it meet standards required by laws and ordinances.

19. The lack of building code and regulation compliance of the ramp at Unites States facility constitutes Negligence Per Sé and a breach of duty to meet walking surface standards.

20. As a result of the trip and fall, Mrs. Toledo suffered a left knee trauma that required surgery, and emotional damage and distress.

## V.   DAMAGES

21. Plaintiffs repeat and reallege the allegations in the preceding paragraphs numbered 1—20 as if fully set forth herein.

22. As a direct and proximate cause of defendants' negligence and omissions, Plaintiff, Ms. Toledo has suffered a physical degree of body impairment from the injuries suffered described below, and ongoing suffering, which were foreseeable from the incident. Thus, Plaintiff seeks monetary damages for the following:

    a)  A nondisplaced humeral head fracture with significant joint effusion d synovitis that required surgery;

4

    b)    back trauma;

    c)    right shoulder full thickness supraspinatus tendon tearing;

    d)    ambulance transportation;

    e)    prolonged immobilization;

    f)    arm and legs bruises; and lacerations;

    g)    use of orthopedic appurtenances;

    h)    permanent physical impairment;

    i)    agony and distress;

    j)    loss of enjoyment of life;

    k)    symptoms like depression and anxiety; and

    l)    intense pain;

    m)    as a result of the incident Mrs. Toledo was unable to work as she used to before Mrs. Toledo's injury;

    n)    plaintiff has incurred in past medical cost and will incur in future medical cost;

    o)    several visits to medical healthcare facilities;

    p)    exacerbation to health conditions;

23. Defendants' fault, negligence and omissions are the direct and proximate cause of the damages suffered by Plaintiff Mrs. Toledo. , The physical damages suffered by Mrs. Toledo are estimated in a sum in excess of ONE MILLION FIVE HUNDRE THOUSAND DOLLARS ($1,500,000.00).

24. The economic damages, including past and future losses, and medical bills suffered by Mrs. Toledo are estimated in a sum in excess of TWENTY FIVE THOUSSAND DOLLARS ($25,000.00).

25. The emotional damages suffered by Mrs. Toledo are estimated in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

26. As a direct and proximate cause of defendants' negligence and omissions, Co-Plaintiff, Mr. De Leon has suffered emotional damages, feeling ongoing suffering of agony, distress, and loss of enjoyment of life, , by seeing her wife with excruciating pain, and discomfort; provided support to her wife in daily activities and doctor's visits; took care of her wife while her symptoms improved;  among others, which where foreseeable from the incident. Thus, Plaintiff seeks monetary damages for them.

27. The emotional damages suffered by Mr. De Leon are estimated in a sum in excess of ONE MILLION DOLLARS ($1,000,000.00).

## VI. CAUSES OF ACTION: LIABILITY OF CODEFENDANT UNITED STATES OF AMERICA

28. Plaintiffs repeat and reallege the allegations in the preceding paragraphs 10-27 as if fully set forth herein.

29. Pursuant to Article 1536 of the Civil Code of Puerto Rico, 31 L.P.R.A. §10801 and Article 1163 (31 L.P.R.A § 9315), a person who by act or omission causes damage to another is liable for the damage so done. Defendants are liable to plaintiff because their negligence was a substantial contributing factor to patient's damages including her death and to the damages suffered by plaintiffs.

30. United States of America is jointly and severally liable for Plaintiffs' damages, as

the person who owns and/or control and/or has the jurisdiction of the facility were the damages occurred and for its acts and/or negligent omissions, and by allowing a dangerous condition in its premises, and/or for a breach of duty to provide a safe commercial facility to invitees and/or clients of the facility caused the damages to plaintiffs as herein averred.

31. At the time of the incident herein averred, United States liability consists of culpable acts and negligence per se when failed to maintain its facility with a sidewalk-ramp under code compliance, which constituted a dangerous condition. United States culpable acts and omissions by violating the walking and access codes created the dangerous conditions that where the proximate cause of the damages herein averred.

32. Additionally, United States breached its duty as the entity with control and/or jurisdiction of the premises that host a dangerous condition to invitees in its building, or the one that the agency operates; specifically, by not providing a safe ramp and sidewalk for use of invitees like Mrs. Toledo, and that did not comply with regulations, codes and standards, nor warning about the dangerous condition.

33. Further, United States committed negligence per se when failed to maintain the premises it operate with code-compliant access, as the ramp and/or sidewalk access provided has an uneven surface with defects and obstructions that promotes a hazard condition to the invitees as Mrs. Toledo, as sidewalk and ramp connection is deteriorated to the point the elevation between the structures has depressions that exceed regulation and the surface is so uneven than has created depression and/or holes, thus, is not free of hazard and continuance to minimize tripping and accidents.

34. It is required for a building or facility to be physically accessible to people with disabilities, which United States failed to comply.

35. Sidewalks or pedestrian paths shall be accessible to the maximum extent feasible to all people according to the Americans with Disabilities Act (ADA).

36. United States failed to warn and/or protect its invitees and pedestrians of the dangerous conditions of its premises.

37. United States negligently operated a Postal Office facility that failed to comply with construction building codes; safety regulations and standards applicable to pedestrians and handicapped pedestrians.

38. United States did not supervise its personnel and facilities in a way that could avoid the dangerous conditions in the Postal Office as herein averred.

39. United States failed to provide a safe working zone to its invitees and pedestrians like Mrs. Toledo.

40. United States failed to warn Plaintiff about the dangerous conditions existing in its premises, specifically, the hazardous sidewalk-type ramp.

41. United States failed to activate an emergency protocol despite the injuries suffered by Plaintiff.

42. Further, United States physical and maintenance plan did not provide that the entry ramp and sidewalk in the premises they operate diesel tank need to be maintained free of dangerous conditions and in code compliance.

43. United States failed to supervise the premise it operates, and allows invitees to access its premises into a dangerous condition without any prevention warnings, a hazard prevention program and/or a control plan.

44. United States negligence and omissions are the direct and proximate cause of

Plaintiff's damages herein described and are liable for the relief sought in the instant claim.

45. United States knew or should have known about the dangerous condition in its premises, and should have had adequate time to monitor, inspect and offer to its invitee safe premises free of hazardous conditions.

46. United States has the duty to perform routinely inspections to its premises provide safe premises to its invitees.

47. United States failed by deficient inspection and by allowing a dangerous condition in the premises that provides its services.

48. Further, at the time of the incident herein averred, United States liability consists of negligence and culpable acts and omissions that a prudent and reasonable man would perform, when failed to maintain and/or advise and/or consult and/or provide services in a reasonable manner in the United States Postal Service specifically, when they failed to warn, and/or provide independent services that would avoid the damages averred herein caused by the uneven walking surface by violating the codes and regulations, creating by their acts and/or omissions a dangerous condition.

49. United States allowed that the United State Postal Office premises were operated in violation, without limitation, of walking and access codes and standards.

50. United States negligence and omissions were the direct and proximate cause of Plaintiff's damages herein described and the United States is liable for the relief sought in the instant claim.

51. At the present time, Mrs. Toledo is still recovering and suffering from the severe physical injuries and emotional distress suffered from the accident on October 11, 2023.

**VII.  UNKNOWN DEFENDANTS**

52. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

53. Under Puerto Rico's Code of Insurance Companies A, B and C, are directly liable by insuring any of the known or unknown defendants against loss or damage through legal liability for bodily injury and damages to a third party as Plaintiff, shall become liable for he damages herein alleged, whenever a loss covered by the policy occurs, under 26 P.R. Laws Ann., § 2001.

54. Insurance Companies A B and C are jointly and severally liable for the negligent acts of its insured that caused or contributed to the damages herein claimed pursuant to the insurance policy issued to or in the benefit of United States.

55. John Doe and Richard Doe named with factiously, upon information and belief, are individuals or entities that may be liable for the acts complained herein, as successors in interest, subsidiaries, parent companies, partners, entities, organizations, owners, tenants, but whose true identities are unknown to the Plaintiff at the present time. Plaintiff will amend its Complaint to insert the true names of the fictitiously named Defendant when said names are known to the Plaintiff, and to allege specifically its claim against said Defendants.

## **JURY TRIAL DEMANDED**

56. Plaintiffs demand a trial by jury.

WHEREFORE, plaintiffs Ruth Toledo Canino; Nelson De Leon Camacho on their behalf and on behalf of the Conjugal Partnership between them , pray that, after due proceedings, the Court grants the Complaint and enters judgment in their favor and against all defendants jointly and severally, granting the damages claimed herein, and taxing a reasonable amount for attorney's fees, costs of these proceedings, and any other equitable relief.

**RESPECTFULLY SUBMITTED**, this 14th day of March, 2024.

*/s/ Francisco L. Charles*

**Francisco L. Charles-Gómez**
USDC-PR-303211
Charles-Gómez Law Office, LLC
P.O. Box 1360 Trujillo Alto, P.R. 00977
Tel. (787)-662-0178
Fax. (787)-724-6780
fcharleslaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date a copy of this Complaint together and simultaneously with its supporting exhibits was electronically filed with the Clerk of the Court using the CM/ECF system, and Defendant will be served by process server with a copy of the Summons and the Complaint, in accordance with the Federal Rules of Civil Procedure, as soon as the summons is issued by this Court.

*s/ Francisco L. Charles-Gomez*

Francisco L. Charles-Gómez
USDC-PR-303211